# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK BRETT, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. ELH-19-1506 |
| CHERYL LEWIS, *Court Clerk,* <br> JOE BIDEN, *Vice President,*[1] <br> JILL BIDEN, <br> MARY, COURT CLERK, *Raleigh, N.C.* <br> ROBIN NELSON, *Clerk Orlando, FL.,* <br> FLOYD WHEELER, | * <br><br> * <br> * | |
| Defendants | * | |

\*\*\*

## **MEMORANDUM**

On May 21, 2019, plaintiff Frank Brett of Philadelphia, Pennsylvania, who is self represented, filed a Complaint with a motion for leave to proceed in forma pauperis. ECF 1 (Complaint); ECF 2 (Motion). Numerous attachments were submitted with the Complaint. The financial information provided by plaintiff indicates that he is indigent and eligible to proceed in forma pauperis. Therefore, I shall grant his Motion.

A complaint need not contain detailed allegations, but the facts alleged must be enough to raise a right to relief above the speculative level, and it requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In particular, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. And, the allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds

---

[1] Plaintiff identifies Biden as the current Vice President of the United States. ECF 1 at 3.

upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506. 512 (2002) (internal quotation marks omitted).; *see also* Fed. R. Civ. P. 8.

The in forma pauperis statute permits an indigent litigant to initiate an action in federal court without paying the filing fee. 28 U.S.C. § 1915(a). To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i),(ii).

A complaint is frivolous if "'it lacks an arguable basis either in law or in fact.'" *McLean v. United States,* 566 F.3d 391, 399 (4th Cir. 2009*)* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Unlike the failure to state a claim standard, however, in reviewing for frivolity, the Court "is not bound to accept 'clearly baseless' factual allegations as true." *Kilgore-Bey v. Rudey*, Civil Action RDB-18-0007, 2018 WL 1135391, at *2 (D. Md. Feb. 28, 2018). Frivolous claims include "those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'" *McLean*, 566 F.3d at 399 (quoting *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 774 (7th Cir. 2002); *see Denton v. Hernandez,* 504 U.S. 25, 29 (1992)).

The Court is mindful of its obligation to liberally construe pleadings of self-represented litigants. *See Erickson v. Pardu*s, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Twombly*, 550 U.S. at 555-56). Nonetheless, liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations. . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys

and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Even after affording the Complaint a liberal construction, it fails to set forth a plausible claim and is frivolous.

Plaintiff filed the Complaint with 79 pages of attachments. ECF 1.[2] As a basis for this court to exercise federal jurisdiction, he asserts without explanation that his claims are brought pursuant to "1996 FISA Act. USC 371 A&B." Further, he seems to assert that diversity of the parties' citizenship also serves as a jurisdictional basis. ECF 1 at 5, 7. As relief, he asks for $3 million from each defendant and an injunction of unexplained nature against "Haseim Crittendun Family and his boss Floyd Wheeler." *Id.* at 7. His allegations in the Complaint and attachments, to the extent they are legible, are incomprehensible and incoherent. The attachments consist of lists of names, none of which can be discerned to have any relation or relevance to defendants. Moreover, the attachments to the suit set forth no discernible violations of law, federal or state, or factual assertions that can be attributed to defendants.[3]

Even construing plaintiff's Complaint liberally, as I must, I find it appropriate to dismiss Brett's suit, because he fails to state any claim that is plausible. Nor has plaintiff satisfied the pleading requirements of Fed. R. Civ. P. 8. *See Twombly,* 550 U.S. at 570 (a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face);

---

[2] The attachments are separately filed in paper form and cannot be accessed on the electronic record.

[3] Brett's previous filings in this district and others have been incomprehensible and dismissed accordingly. *See, e.g.*, *Brett v. Cheryl Lewis, et al*., Civil Action ELH-17-3813 (dismissed January 18, 2018) (noting that Brett has filed over 181 cases in federal district court, the majority of those cases dismissed as frivolous pursuant to 42 U.S.C. § 1915(e)); *Brett v. Cheryl Lewis, et al,* Civil Action JKB-17-1555 (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on June 26, 2017); *Brett v. Owens, et al.*, Civil Action No. RDB-13-3934 (dismissed pursuant to 28 U.S.C. § 1915(e) on January 2, 2014); *Brett v. Fed. Ex. Office, et al*., Civil Action ELH-12-871 (dismissed March 28, 2012, as incomprehensible and for failure to state a claim).

*Williams,* 490 U.S. at 325-28 (stating a complaint filed pro se may be dismissed under 28 U.S.C. § 1915 when it includes only "fanciful factual allegation" and lacks "an arguable basis either in law or in fact").

An Order follows.

Date: May 30, 2019                                   /s/
                                                     Ellen L. Hollander
                                                     United States District Judge